1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   2806 Van Ness Avenue
3  San Francisco, CA 94109
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  STEVEN R. PINGEL (State Bar No. 52710)
   Law Offices of Steven R. Pingel
6  444 W. Ocean Blvd., Suite 400
   Long Beach, CA 90802
7  Telephone:    562/432-0302
   Facsimile:    866/734-3220

8
   Attorneys for Plaintiffs
9  ROBERT CUNLIFFE and RITA KATZ

10

11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14  ROBERT CUNLIFFE and RITA KATZ,        CASE NO. 1402

15        Plaintiffs,                     **CLASS ACTION COMPLAINT FOR
                                          INJUNCTIVE RELIEF AND DAMAGES:**
16  v.
                                          **1st CAUSE OF ACTION:** For Violation of
17  AMERICAN HONDA MOTOR CO., INC.,       California Business and Profession Code
                                          §17200
18        Defendant.
                                          **2rd CAUSE OF ACTION:** For Violation of
19                                        California Business and Profession Code
                                          §17500
20
                                          **3th CAUSE OF ACTION:** For Willful Deceit
21                                        With The Intent To Induce a Party To Alter His
                                          Decision To His Detriment In Violation of
22                                        California Civil Code §§1709, 1710 and 1711

23                                        **4th CAUSE OF ACTION:** For Violation of
                                          California Civil Code §1770
24

25

26                        **DEMAND FOR JURY**

27

28  CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

                                                                            1

1       Plaintiffs ROBERT CUNLIFFE and RITA KATZ, individually and on behalf of all others

2 similarly situated, (hereinafter referred to as "class members"), complain of defendant

3 AMERICAN HONDA MOTOR CO., INC. (hereinafter referred to as "Honda") and allege as

4 follows:

5 **INTRODUCTION:**

6     1.     This is a class action brought by plaintiffs as class members on behalf of all persons

7 who purchased new Honda motor vehicles (including Acura motor vehicles) designed,

8 manufactured and marketed by defendant HONDA from four years prior to the date this

9 complaint was filed, to the present which were represented by defendant to have been designed

10 and manufactured with a rear double wishbone suspension ( alternatively referred to as

11 "RDWS") when in fact such suspension did not exist. Said misrepresentations were an

12 inducement for plaintiffs and plaintiffs class members to purchase Honda designed and

13 manufactured vehicles. Plaintiffs seek injunctive relief and damages pursuant to California

14 Business & Professions Code §17200, 17500 et seq. and pursuant to California Civil Code

15 §1709, 1710, 1711 and 1770.

16 **JURISDICTION AND VENUE:**

17     2.     **Jurisdiction:** This Court has jurisdiction pursuant to FRCP 23 and 28 United

18 States Code §1711. Further, plaintiffs damage claim is in excess of 5 million dollars.

19     3.     **Venue:** Venue is proper in this court and is founded on the facts that defendant

20 HONDA's principal place of business is located in the City of Torrance, County of Los Angeles,

21 State of California, and that plaintiffs' causes of action arose in this district in that plaintiffs

22 ROBERT CUNLIFFE and RITA KATZ negotiated for and purchased, their respective vehicles

23 from Honda and Acura authorized dealerships in the following cities and counties of California:

24         •    ROBERT CUNLIFFE - San Leandro, Alameda County; and

25         •    RITA KATZ - Corte Madera, Marin County.

26 ///

27 ///

///

2

1   **PARTIES:**

2       4.      Plaintiffs ROBERT CUNLIFFE and RITA KATZ and class members are those
3   consumers who, four years prior to the date this complaint was filed and the present, purchased a
4   Honda designed, manufactured and marketed vehicle represented by defendant to have rear
5   double wishbone suspension when, in fact, such a rear suspension system did not exist on said
6   vehicle.  Consequently, plaintiffs ROBERT CUNLIFFE and RITA KATZ and class members are
7   members of that portion of the public whose rights are protected by the provisions of California
8   Business and Profession Codes 17200, 17500 et seq. and pursuant to California Civil Code
9   §1709, 1710, 1711 and 1770.

10      5.      Defendant HONDA is a California corporation or a division of a California
11  corporation licensed to do business in California.  Defendant HONDA is located and operates its
12  business at or near 1919 Torrance Blvd., Torrance, California.  Its agent for service is CT
13  Corporation 818 W. Seventh St., Los Angeles, California.  It has dealerships throughout
14  California and many located within the venue of the United States District Court, Northern
15  District of California.  Defendant is subject to California state law prohibiting false and deceptive
16  business practices and procedures, including but not limited to those set forth in California B&P
17  Code §17200, 17500 et seq. and pursuant to California Civil Code §1709, 1710, 1711 and 1770.

18  **PRELIMINARY FACTUAL ALLEGATIONS:**

19      6.      At all times relevant to this complaint, defendant designed, manufactured and
20  caused to be advertised Honda and Acura vehicles.  Defendant utilized multi-media formats to
21  misrepresent the existence of rear double wishbone suspension on the subject Honda/Acura
22  manufactured vehicles.

23      7.      Plaintiffs do not know the true names of defendant HONDA, its business
24  capacities, nor its relative responsibilities in causing the violations herein complained of and
25  allege a joint venture and common enterprise by such defendant and other unidentified persons
26  and entities.  Plaintiffs are informed and believe that the defendant herein is the agent, ostensible
27  agent, master, servant, employer, employee, representative, franchisor, franchisee, joint venturer,
28  alter ego, partner, and associate, or such similar capacity, of each of the other unidentified and

3

1  potential defendants, and was at all times acting and performing, or failing to act or perform,

2  within the course and scope of his, her or its authority as agent, ostensible agent, master, servant,

3  employer, employee, representative, franchiser, franchisee, joint venturer, alter ego, partner, and

4  associate, or such similar capacity, and with the authorization, consent, permission or ratification

5  of each of the other unidentified and potential defendants, and is responsible in some manner for

6  the acts and omissions of the other unidentified persons and entities in legally causing the

7  violations and damages complained of herein, and have approved or ratified each of the acts or

8  omissions of each other, as herein described.  Plaintiffs will seek leave to amend when the true

9  names, capacities, connections and responsibilities of defendant HONDA and other persons and

10  entities are ascertained.

11       8.       Defendant HONDA engaged in unfair, fraudulent, deceptive business practices,

12  by falsely  representing, that the following Honda vehicles had a rear double wishbone

13  suspension system:

   •   1986-2007 Honda Accord/Accord Coupe/Accord Hybrid
   •   1988-2007 Honda Civic/CRX/Del Sol/Civic Hybrid
   •   1997-2007 Honda CR-V SUV
   •   2003-2008 Honda Element SUV
   •   1995-2008 Honda Odyssey Mini-Van
   •   1990-2007 Acura Integra/RSX
   •   1992-1995 Acura Vigor
   •   1987-2004 Acura Legend Coupe/CL
   •   1990-2006 Acura Legend Sedan/TL
   •   2004-2006 Acura TLX
   •   1998-2004 Acura RL

26       9.       The above referenced vehicles will hereinafter be referenced to as the "subject

27  Honda/Acura vehicles" and include any vehicles manufactured by defendant after the filing of

4

1  this complaint which do not have, as advertised and represented. rear double wishbone

2  suspension.

3      10.    The subject Honda/Acura vehicles, in fact, did not have a rear double

4  wishbone suspension system.

5      11.    At all times stated herein, a double wishbone suspension is defined as follows:

6          "A suspension design borrowed from Formula One
           race cars that uses two wishbone-shaped, hinged control
7          arms to guide each wheel's up-and-down motion. The
           wishbone type of control arm, also known as an A-arm,
8          gets both of these names from its shape as viewed from
           above in a vehicle's suspension...The double-wishbone
9          design obviously uses two A-arms per wheel - one high
           and one low."
10         (Source: Cars.com)

11     12.    Said double wishbone suspension is defined in Exhibit "A" and illustrated in

12  Exhibits "B" & "C," which are attached hereto and incorporated by reference as though fully

13  set forth herein. Said suspension is further defined by the rear suspension systems of

14  Defendant's own non-subject vehicles, the 1991-2005 Acura NSX exotic sports car and the

15  2000-2008 Honda S2000 sports car, both of which do in fact incorporate rear double wishbone

16  suspension.

17     13.    That while some of the subject Honda/Acura vehicles had "front" double

18  wishbone suspension, none had (as advertised and represented throughout California and the

19  United States) "rear" double wishbone suspension. This representation and claim was

20  consistently made from 1986 to the present. The first misrepresentation by defendant occurred

21  in July 1986 when defendant, in part, represented in printed material the Accord LXI to be

22  "the first front-wheel drive car to use double wishbone suspension on all four wheels, to

23  improve both handling and ride". Attached as Exhibit "D" and incorporated by reference as

24  though fully set forth herein is a copy of defendant's ad for the Accord LXI which ad, in

25  substance, has been used from 1986 to the present.

26     14.    That at all times stated herein from four years prior to the date this complaint

27  was filed, to the present plaintiffs ROBERT CUNLIFFE and RITA KATZ and class members

28  purchased the subject Honda/Acura vehicles based on the fact that said subject Honda/Acura

5

1  vehicles had rear double wishbone suspension providing the vehicles with greater handling

2  ability than competitors.

3      15.   Prior to and at the time the first subject 1986 model vehicle was sold to the first

4  consumer and through each successive model year to the present for which the subject

5  Honda/Acura vehicles were sold, Defendant through multi-media advertising and other

6  communicative forms advertised, asserted, suggested and represented that the subject

7  Honda/Acura vehicles and those vehicles purchased by plaintiffs and the consumer class, had

8  rear double wishbone suspension, when, in fact, such a RDWS did not exist. Defendant

9  continued to publicize the non-existent RDWS at all times thereafter.

10     16.   From the model year 1986 to the present, defendant HONDA had knowledge that

11  none of the purchasers, including each plaintiff herein, of the subject Honda/Acura vehicles knew

12  or even suspected that the vehicles they purchased did not have rear double wishbone suspension

13  because defendant HONDA continued to advertise and represent that Honda/Acura vehicles did

14  in fact have such a suspension system.

15     17.   Prior to May 15, 2005, and culminating on or about May 15, 2005, at which

16  time Plaintiff ROBERT CUNLIFFE purchased his 2005 Honda Accord from Honda of San

17  Leandro, defendant through multi-media advertising and other communicative forms,

18  advertised, asserted, suggested and represented that the subject Honda vehicles and that

19  vehicle purchased by plaintiff had rear double wishbone suspension, when, in fact, such a rear

20  double wishbone suspension system did not exist. Defendant continued to publicize the non-

21  existent rear double wishbone suspension system at all times thereafter.

22     18.   Plaintiffs ROBERT CUNLIFFE and RITA KATZ did not know or suspect

23  that their respective Honda/Acura vehicles did not have a rear double wishbone suspension

24  system, because in simply looking at the subject vehicle it was not apparent that a rear double

25  wishbone suspension system did not exist. Further, a reasonable and prudent purchaser would

26  have to have extraordinary knowledge about suspension systems to know what specifically to

27  look for and to look at.

6

1     19.    At all said times stated herein, an inspection of the rear suspension of each of
2  the subject Honda/Acura vehicles owned by each plaintiff would require that each plaintiff
3  own or rent a hydraulic service hoist to allow said inspection.  Neither plaintiff owned or
4  possessed such a device.

5     20.    At the time of purchase of his subject vehicle, plaintiff ROBERT CUNLIFFE
6  actually relied upon defendants' false and/or misleading advertisements and representations,
7  including but not limited to those printed on the Monroney window sticker and included in the
8  vehicle brochure, that the vehicle he was purchasing had rear double wishbone suspension.

9     21.    As a result of the fraudulent business practice and/or false advertising by
10  defendant of rear double wishbone suspension, a major component of suspension which affects
11  handling, plaintiff ROBERT CUNLIFFE actually relied on said misrepresentation and
12  purchased a new 2005 Honda Accord and was injured thereby.

13     22.    At the time plaintiff ROBERT CUNLIFFE made the purchase of his new 2005
14  Honda Accord, he did not have knowledge that the rear double wishbone suspension did not
15  exist, and lacked the means of obtaining such knowledge in that it would require extraordinary
16  expertise in suspension systems, not possessed by a lay person such as plaintiff ROBERT
17  CUNLIFFE.  Plaintiff ROBERT CUNLIFFE only discovered said misrepresentation when he
18  took his vehicle to an automotive facility on October 9, 2006, to have suspension work done
19  on the subject vehicle.

20     23.    At said time, a mechanic informed him that the new vehicle he purchased did
21  not  have rear double wishbone suspension.

22     24.    On or about September 30, 2006, plaintiff RITA KATZ and her husband Alan
23  Katz purchased a 2007 Honda Accord Sedan from Marin Honda located at 5880 Paradise
24  Drive in the City of Corte Madera, California.

25     25.    At said time, plaintiff RITA KATZ actually relied upon defendants' false and/or
26  misleading advertisements and representations including but not limited to those printed on the
27  Monroney window sticker and included in the vehicle brochure, that the vehicle she was
28  purchasing did in fact have rear double wishbone suspension.

1    26.    As a result of the fraudulent business practice and/or false advertising by
2  defendant concerning the non-existent rear double wishbone suspension (a major component
3  of actual suspension which affects ride/handling), plaintiff RITA KATZ actually relied on said
4  misrepresentation and purchased a new 2007 Honda Accord Sedan and was injured thereby.

5    27.    At the time plaintiff RITA KATZ made the purchase of her new 2007 Honda
6  Accord Sedan, she did not have knowledge that the rear double wishbone suspension did not
7  exist on said vehicle, and lacked the means of obtaining such knowledge in that it would
8  require extraordinary expertise in suspension systems, not possessed by a lay person such as
9  plaintiff RITA KATZ.  Plaintiff RITA KATZ only discovered such misrepresentation when
10  her husband Alan Katz on or about June 14, 2007, informed her that a friend who was a third
11  party to an investigation being conducted by plaintiffs' counsel discovered information that
12  plaintiff RITA KATZ's subject 2007 Honda Accord Sedan did not have a rear double
13  wishbone suspension and suggested that the Katzes investigate the matter.

1    28.    At all times stated herein, it would require plaintiffs ROBERT CUNLIFFE and
.5  RITA KATZ in the exercise of reasonable diligence to discover the misrepresentations to
16  possess the following:

17          A)    Extraordinary expertise in automotive suspension systems;

18          B)    A hydraulic service hoist to allow an inspection; and

19          C)    Knowledge of what to look for and what to look at.

20                                 **CLASS DEFINITION**

21    29.    All original purchasers who purchased the subject new Honda/Acura vehicles,
22  four years prior to the filing of this complaint to the present, and who relied on false or
23  misleading advertisements and/or misleading representations that the vehicle purchased had or
24  was equipped with a rear double wish bone suspension.

25                              **CLASS ACTION ALLEGATIONS**

26    30.    Plaintiffs bring this action individually and as a class action on behalf of the
27  following class: All those consumers who purchased a new subject Honda/Acura vehicle, four
3  years prior to the date of the filing of this complaint to the present, which were advertised to

8

1  have a rear double wishbone suspension system (RDWS) when such suspension system did not
2  exist on said vehicles and relied on such misrepresentation/false advertising in making the
3  purchase.

4      31.    Plaintiffs' claims are typical of the claims of the class because plaintiffs and all
5  the class members were harmed by defendant's misrepresentation of the existence of a "rear"
6  double wishbone suspension on the subject Honda/Acura vehicles and were induced to
7  purchase said vehicles based upon this false representation.

8      32.    Plaintiffs are representative parties who will fully and adequately protect the
9  interests of the class members. They have retained counsel who are competent in class
10 actions. Plaintiffs have no interests which are contrary to or in conflict with those of the class
11 they seek to represent.

12     33.    The number of class members is believed to exceed four million (4,000,000)
13 consumers, which makes it impracticable to bring all members of the class individually before
14 the court, and the identities of the members of the class are determinable from the records of
15 defendant. as sales agreements were entered into and service records are kept identifying
16 owners and their vehicles.

17     34.    A class action is superior to other available means for the fair and efficient
18 adjudication of this lawsuit. Even if any class member could afford individual litigation
19 against a large corporation like HONDA, it would be unduly burdensome to the court system.
20 Individual litigation magnifies the delay and expense to all parties. By contrast, a class action
21 presents far fewer management difficulties and affords the benefits of unitary adjudication,
22 economies of scale, and comprehensive supervision by a single court. Concentrating this
23 litigation in one forum will promote judicial consistency. Notice of the pendency and any
24 resolution of this action can be provided to class members by mail, print, broadcast, internet
25 and/or multimedia publication.

26     35.    This type of case is uniquely well suited for class treatment since defendant
27 AMERICAN HONDA MOTOR CO., INC.'s practices are uniform and consistent and the burden
28 is on the defendant to prove otherwise.

9

1    36    Many issues of law or fact are common and they predominate over any individual

2    questions. These common issues include:

3        a.    Whether defendant represented to the consuming public that the

4    subject Honda/Acura vehicles were manufactured and sold with rear

5    double wishbone suspension;

6        b.    Whether any of the subject Honda/Acura vehicles designed

7    manufactured, marketed and advertised by the defendant had rear double

8    wishbone suspension;

9        c.    Whether the conduct (unfair, fraudulent and deceptive business practices

10    of defendant constitutes unfair competition and violations of B&P Code

11    §17200, 17500 et seq. and violations pursuant to Civil Code §1709, 1710,

12    1711 and 1770;

13        d.    Whether the conduct and business practices of defendant constitute unfair,

1    fraudulent and deceptive practices;

5        e.    Whether defendant's conduct constitutes inducement and dissemination by

16    misrepresentation in violation of B&P Code §17500;

17        f.    Whether plaintiffs and class members are entitled to compensatory

18    damages, and if so, the means of measuring such damages;

19        g.    Whether plaintiffs and class members are entitled to injunctive relief

20    prohibiting defendant from representing the existence of "rear double

21    wishbone suspension" in the subject Honda/Acura vehicles and

22    future Honda/Acura vehicles;

23        h.    Whether plaintiffs and class members are entitled to restitution;

24        i.    Whether plaintiffs and class members are entitled to damages;

25        j    Whether defendant is liable for pre-judgment interest;

26        k.    Whether defendant is liable for attorney's fees and costs;

27        1.    Whether plaintiffs are entitled to seek punitive damages; and

1    m.    When plaintiffs discovered the non existence of a rear double suspension
2    system.

3                          **GENERAL ALLEGATIONS**

4                          **AS TO CLASS REPRESENTATIVES**

5        37.    During the subject time period, the named plaintiffs purchased the subject Honda
6    or Acura vehicles based on the inducement of defendant which represented the subject vehicles
7    to have a rear double wishbone suspension system which did not exist.

8        38.    During the class period, plaintiffs purchased the following Honda/Acura vehicles:

9            •    ROBERT CUNLIFFE - 2005 Honda Accord v-6

10            •    RITA KATZ - 2007 Honda Accord Sedan

11    **I.    FIRST CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA BUSINESS**
12        **AND PROFESSION CODE §17200**

13        (On behalf of Plaintiffs ROBERT CUNLIFFE and RITA KATZ and the class which they
14        represent and Against Defendant AMERICAN HONDA MOTOR CO., INC.)

15        39.    Plaintiffs replead and incorporate by reference as fully set forth again herein, the
16    allegations contained in paragraphs 1 through 38 of this complaint.

17        40.    The pattern and practice of misrepresentations of the suspension system of the
18    subject Honda/Acura vehicles in the required Monroney window sticker and the utilization of
19    mass media to represent to the general consuming public and the class of persons affected herein
20    that all subject Honda/Acura vehicles had rear double wishbone suspension systems was an
21    unlawful, unfair and fraudulent business act and practice. The representations of the non-existent
22    rear double wishbone suspension system was not only unfair, deceptive, untrue and misleading to
23    plaintiff class, but also was designed to give defendant an unfair advantage over their
24    competitors. Said acts and practices were in violation of California Business & Professions Code
25    §17200 which provides:

26            ...unfair competition shall mean and include any unlawful, unfair
            or fraudulent business act or practice and unfair, deceptive, untrue
27            or misleading advertising and any act prohibited by Chapter 1
            (commencing with Section 17500) of Part 3 of Division 7 of the California
28            Business and Professions Code.

                                                                                11

II.  **SECOND CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA BUSINESS
AND PROFESSION CODE §17500**

(On behalf of Plaintiffs ROBERT CUNLIFFE and RITA KATZ and the class they
represent and Against Defendant AMERICAN HONDA MOTOR CO., INC.)

41.    Plaintiffs replead and incorporate by reference as fully set forth herein, the
allegations contained in paragraphs 1 through 40 of this complaint.

42.    Defendant, by and through its employees, agents, representatives and advertising
agencies intended directly or indirectly to represent to the general consuming public and plaintiff
class members that the subject Honda/Acura vehicles were designed and manufactured with rear
double wishbone suspension. The intent was to induce consumers in the State of California and
throughout the United States to purchase said Honda/Acura vehicles. The inducement was
accomplished by use of the required Monroney window sticker, vehicle brochures and by mass
and multi media (including but not limited to newspapers, specialty auto magazines, television,
internet, web sites and other advertising devices) to misrepresent the subject rear double
wishbone suspension system.

43.    Defendant by and through its employees, agents, representatives and ad agencies,
knew, or by the exercise of reasonable care should have known, that the rear double wishbone
suspension did not exist on the subject Honda/Acura vehicles. Despite this, defendant
disseminated information which it knew was untrue and misleading. Said acts were part of a
plan and scheme to sell the subject vehicles without the advertised rear double wishbone
suspension.

44    Such acts of inducement and dissemination, by misrepresenting the existence of
the rear double wishbone suspension, were in violation of California Business and Profession
Code §17500 which provides:

...it is unlawful for any person, firm, corporation or association, or any employee
thereof with intent directly or indirectly to dispose of real or personal property or
to perform services, professional or otherwise, or anything of any nature
whatsoever or to induce the public to enter into any obligation relating thereto, to
make or disseminate or cause to be made or disseminated from this state before
the public in any state, in any newspaper or other publication, or any advertising
device, or by public outcry or proclamation, or in any other manner or means
whatever, including over the Internet, any statement, concerning that real or

12

1   personal property or those services, professional or otherwise, or concerning any
    circumstance or matter of fact connected with the proposed performance or
2   disposition thereof, which is untrue or misleading, and which is known, or which
    by the exercise of reasonable care should be known, to be untrue or misleading, or
3   for any person, firm, or corporation to so make or disseminate or cause to be so
    made or disseminated any such statement as part of a plan or scheme with the
4   intent not to sell that personal property or those services, professional or otherwise
    so advertised at the price stated therein, or as so advertised.
5

6   **III.    THIRD CAUSE OF ACTION FOR WILLFUL DECEIT WITH THE INTENT TO**

7   **INDUCE A PARTY TO ALTER HIS POSITION TO HIS DETRIMENT IN**

8   **VIOLATION OF CALIFORNIA CIVIL CODE §§ 1709, 1710 and 1711**

9   (On behalf of Plaintiffs ROBERT CUNLIFFE and RITA KATZ and the class they

10  represent and Against Defendant AMERICAN HONDA MOTOR CO., INC.)

11      45.    Plaintiffs replead and incorporate by reference as fully set forth herein, the

12  allegations contained in paragraphs 1 through 44 of this complaint.

13      46.    The acts and practices of the defendant, as stated herein, constitute deceit with the

14  intent to induce the consuming public, plaintiffs and class members to alter their position to their

15  injury, detriment or risk by purchasing the subject Honda/Acura vehicles, based in part on the

16  misrepresentation about the rear double wishbone suspension in violation of California Civil

17  Code §§1709 and 1710 to wit:

18          ...one who willingly deceives another with intent to induce him
            to alter his position to his injury or risk, is liable for any damage
19          which he thereby suffers.

20          ...A deceit, within the meaning of the last section, is either: 1. The
            suggestion, as a fact, of that which is not true, by one who does
21          not believe it to be true; 2. The assertion, as a fact, of that which
            is not true, by one who has no reasonable ground for believing it
22          to be true; 3. The suppression of a fact, by one who is bound
            to disclose it, or who gives information of other facts which
23          are likely to mislead for want of communication of that fact;
            or, 4. A promise, made without any intention of performing it.
24

25      47.    Further, defendant, in practicing the acts of deceit with the intent to defraud

26  the public, plaintiffs and class members purchasing the subject Honda/Accord vehicles, as

27  stated herein, is deemed to have intended to defraud every individual in the subject class of

28  plaintiffs, to wit:

13

1         ...one who practices a deceit with intent to defraud the public,
        or a particular class of persons, is deemed to have intended
2         to defraud every individual in that class, who is actually
        mislead by the deceit. (California Civil Code §1711)
3

4   **IV.**     **FOURTH CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA CIVIL**

5         **CODE §1770**

6       (On behalf of Plaintiffs ROBERT CUNLIFFE and RITA KATZ and the class they

7       represent and Against Defendant AMERICAN HONDA MOTOR CO., INC.)

8       48.    Plaintiffs replead and incorporate by reference as fully set forth herein, the

9   allegations contained in paragraphs 1 through 47 of this complaint.

10       49.    Defendant's acts, practices and procedures constituted unfair methods of

11   competition and unfair or deceptive acts or practices intended to result in the sale/lease of the

12   subject Honda/Acura vehicles to the consuming public, plaintiffs and subject class members by

13   representing that the non-existent rear double wishbone suspension provided extraordinary

14   handling and ride characteristics; that such rear double wishbone suspension was of a superior

15   standard, quality and grade of suspension compared to other manufacturers of vehicles in the

16   same class of the subject Honda/Acura vehicles; that there was no intent by defendant to

17   sell/lease the subject Honda/Acura vehicles as advertised with the subject rear double wishbone

18   suspension. Said acts and practices are in violation of California Civil Code §1770, to wit:

19           a.)  The following unfair methods of competition and unfair
          or deceptive acts or practices undertaken by any person in
20           a transaction intended to result or which results in the sale
          or lease of goods or services to any consumer are unlawful:

21               5.  Representing that goods or services have sponsorship,
              approval, characteristics, ingredients, uses, benefits,
22               or quantities which they do not have,

23               7.  Representing that goods or services are of a particular
              standard, quality, or grade, or that goods are of a particular
24               style or model, if they are of another, and

25            9. Advertising goods or services with intent not to sell them as advertised.

26   ///

27   ///

28   ///

1 **PRAYERS:**

2 **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA**

3 **BUSINESS AND PROFESSION CODE §17200**

4    (On behalf of Plaintiffs ROBERT CUNLIFFE and RITA KATZ, and the class which they

5    represent; and Against Defendant AMERICAN HONDA MOTOR CO., INC.)

6        50.    For injunctive relief, compelling defendant AMERICAN HONDA MOTOR CO.,

7 INC. to cease and desist from representing any Honda/Acura vehicle to have rear double

8 wishbone suspension if such system does not exist on said vehicle.

9        51.    For injunctive relief compelling defendant AMERICAN HONDA MOTOR CO.,

10 INC. to publish national retractions for a six month period of time that the rear double wishbone

11 suspension on the subject Honda/Acura vehicles does not exist.

12        52.    For damages according to proof;

13        53.    For attorneys' fees, litigation expenses;

14        54.    For all costs of suit; and

15        55.    Such other and further relief as the court may deem just and proper.

16 **II.    PRAYER FOR SECOND CAUSE OF ACTION FOR VIOLATION OF**

17 **CALIFORNIA BUSINESS AND PROFESSION CODE §17500**

18    (On behalf of Plaintiffs ROBERT CUNLIFFE and RITA KATZ, and the class which they

19    represent; and Against Defendant AMERICAN HONDA MOTOR CO., INC.)

20        56.    For injunctive relief, compelling defendant AMERICAN HONDA MOTOR CO.,

21 INC. to cease and desist from representing any Honda/Acura vehicle to have rear double

22 wishbone suspension if such system does not exist on said vehicle.

23        57.    For injunctive relief compelling defendant AMERICAN HONDA MOTOR CO.,

24 INC. to publish national retractions for a six month period of time that the rear double wishbone

25 suspension on the subject Honda/Acura vehicles does not exist;

26        58.    For damages according to proof;

27        59.    For attorneys' fees, litigation expenses;

28        60.    For all costs of suit; and

15

1    61.    Such other and further relief as the court may deem just and proper.

2  **III.    PRAYER FOR THIRD CAUSE OF ACTION FOR WILLFUL DECEIT WITH**

3  **THE INTENT TO INDUCE A PARTY TO ALTER HIS POSITION TO HIS**

4  **DETRIMENT IN VIOLATION OF CALIFORNIA CIVIL CODE §§1709, 1710**

5  **and 1711**

6    (On behalf of Plaintiffs ROBERT CUNLIFFE and RITA KATZ and the class which they

7    represent; and Against Defendant AMERICAN HONDA MOTOR CO., INC.)

8    62.    For injunctive relief, compelling defendant AMERICAN HONDA MOTOR CO.,

9  INC. to cease and desist from representing any Honda/Acura vehicle to have rear double

10  wishbone suspension if such system does not exist on said vehicle.

11    63.    For injunctive relief compelling defendant AMERICAN HONDA MOTOR CO.,

12  INC., and ACURA, a division of AMERICAN HONDA to publish national retractions for a six

13  month period of time that the rear wishbone suspension on the subject Honda/Acura vehicles

14  does not exist;

15    64.    For damages according to proof;

16    65.    For attorneys' fees, litigation expenses;

17    66.    For all costs of suit; and

18    67    Such other and further relief as the court may deem just and proper.

19  **IV.    PRAYER FOR FOURTH CAUSE OF ACTION FOR VIOLATION OF**

20  **CALIFORNIA CIVIL CODE §1770**

21    (On behalf of Plaintiffs ROBERT CUNLIFFE and RITA KATZ and the class which they

22    represent; and Against Defendant AMERICAN HONDA MOTOR CO., INC.}

23    68.    For injunctive relief, compelling defendant AMERICAN HONDA MOTOR

24  CO., INC. to cease and desist from representing any Honda/Acura vehicles to have rear double

25  wishbone suspension if such system does not exist on said vehicle;

26    69.    For injunctive relief compelling defendant AMERICAN HONDA MOTOR CO.,

27  INC. to publish national retractions for a six month period of time that the rear wishbone

28  suspension on the subject Honda/Acura vehicles do not exist;

1     70.    For damages according to proof;

2     71.    For attorneys' fees, litigation expenses;

3     72.    For all costs of suit; and

4     73.    Such other and further relief as the court may deem just and proper.

5   Dated: February 27, 2008        STEVEN R. PINGEL

6               *A PROFESSIONAL CORPORATION*

7               By: _____

8                 STEVEN R. PINGEL

9        Attorneys for Plaintiffs ROBERT CUNLIFFE and RITA KATZ

10

11   Dated: 2/29/08, 2008        THOMAS E. FRANKOVICH

12               *A PROFESSIONAL LAW CORPORATION*

13               By: _____

14                THOMAS E. FRANKOVICH

15        Attorneys for Plaintiffs ROBERT CUNLIFFE and RITA KATZ

16

17                  **DEMAND FOR JURY TRIAL**

18       Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

19

20   Dated: February 27, 2008        STEVEN R. PINGEL
                *A PROFESSIONAL CORPORATION*

21

22               By: _____
                STEVEN R. PINGEL

23        Attorneys for Plaintiffs ROBERT CUNLIFFE and RITA KATZ

24

25   Dated: 2/29/08, 2008        THOMAS E. FRANKOVICH
                *A PROFESSIONAL LAW CORPORATION*

26

27               By: _____
               THOMAS E. FRANKOVICH

28        Attorneys for Plaintiffs ROBERT CUNLIFFE and RITA KATZ

17

EXHIBIT A

# "Double Wishbone Suspension"
## Definition:

"A suspension design borrowed from Formula One racecars that uses two wishbone-shaped, hinged control arms to guide each wheel's up-and-down motion. The wishbone type of control arm, also known as an A-arm, gets both of these names from its shape as viewed from above in a vehicle's suspension...The double-wishbone design obviously uses two A-arms per wheel — one high and one low.

(Source: Cars.com)

EXHIBIT B

# Automotive Suspension 101:
## What is a wishbone?

This is a wishbone:



This is an automotive wishbone:



(Honda-Powered Indy Car shown)

EXHIBIT C

# Double-Wishbone Suspension:

- 2 wishbone-shaped control arms for each wheel.

- Each wishbone is a separate, integrated part.



Upper Wishbone

Lower Wishbone

EXHIBIT D

# Honda's First False "DWB" Ad

- "Accord is the first front-wheel-drive car to use a double wishbone suspension at all <u>four wheels</u>."

- Published July, 1986: Claim made consistently from 1986-2005.

