1  KEKER & VAN NEST, LLP
   CHRISTA M. ANDERSON - #184325
2  RACHAEL E. MENY - #178514
   COURTNEY TOWLE - #221698
3  710 Sansome Street
   San Francisco, CA  94111-1704
4  Telephone:  (415) 391-5400
   Facsimile:  (415) 397-7188
5
   Attorneys for Defendant
6  AMERICAN HONDA MOTOR CO., INC.

7

8                      UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10

11 | ROBERT CUNLIFFE and RITA KATZ,           | Case No. CV-08-1402 CRB
12 |                            Plaintiffs,   | **MOTION TO STRIKE AND MEMORANDUM OF POINTS AND
13 |     v.                                   | AUTHORITIES IN SUPPORT OF DEFENDANT AMERICAN HONDA
14 | AMERICAN HONDA MOTOR CO., INC.,          | MOTOR CO., INC.'S MOTION TO STRIKE**
15 |                            Defendant.    |
16                                              Date:    June 27, 2008
                                                Time:    10:00 a.m.
17                                              Dept:    8
                                                Judge:   Hon. Charles R. Breyer
18                                              Date Comp. Filed:    March 12, 2008
19                                              Trial Date: Not yet set

20

21

22

23

24

25

26

27

28

417227.01

MOTION TO STRIKE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MOTION TO STRIKE
CASE NO. CV-08-1402 CRB

**NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT**

**PLEASE TAKE NOTICE**, that on June 27, 2008, at 10:00 a.m. or as soon thereafter as the matter may be heard, before the Honorable Charles R. Breyer, United States District Court, 450 Golden Gate Ave, Courtroom 8, San Francisco, California, defendant American Honda Motor Co., Inc will, and hereby do, move the Court for an order striking the following from plaintiff Robert Cunliffe's and plaintiff Rita Katz's March 12, 2008 complaint: (1) prayers for damages for plaintiffs' first and second causes of action, under Cal. Bus. & Prof. C. §§ 17200 and 17500, (2) prayers for damages for plaintiffs' fourth cause of action, under Cal. Civ. Code §1770, and (3) plaintiffs' claims and allegations with regard to pre-2003 model Honda vehicles and a 1986 Honda advertisement.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities below, and such other and further papers, evidence and argument as may be submitted to the Court at or before the hearing on this motion.

1

MOTION TO STRIKE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MOTION TO STRIKE
CASE NO. CV-08-1402 CRB

417227.01

**STATEMENT OF ISSUES TO BE DECIDED**

1) Whether the claims for damages on plaintiffs' first and second causes of action, under Cal. Bus. & Prof. C. §§ 17200 and 17500, should be stricken as damages are not available under these statutes.

2) Whether the claims for damages on plaintiffs' fourth cause of action, under Cal. Civ. Code §1770, should be stricken as unavailable because plaintiffs did not make the written demand required by § 1770.

3) Whether plaintiffs' claims and allegations with regard to pre-2003 Honda vehicles and a 1986 Honda advertisement should be stricken as any claims based on these allegations are time-barred and are irrelevant to plaintiffs' claims which address statements made to new vehicle purchasers from March 12, 2004 forward.

2

MOTION TO STRIKE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MOTION TO STRIKE
CASE NO. CV-08-1402 CRB

417227.01

## I. Introduction

The core allegations of plaintiffs' complaint — that American Honda Motor Co., Inc. ("American Honda") fraudulently misrepresented the nature of the suspension systems on certain of its vehicles, without detection, for a period of more than twenty years — is demonstrably false and scurrilous. American Honda, one of the world's most trusted and reputable car manufacturers, provides its customers what it promises.

However, although plaintiffs' allegations must be assumed to be true at this stage of the litigation, numerous aspects of the complaint should be stricken now in order to narrow the complaint to the issues which are properly in dispute. First, plaintiffs' claims for damages under Cal. Bus. & Prof. C. §§ 17200 and 17500 should be stricken because damages are not available under these statutes. Second, plaintiffs' claim for damages under Cal. Civ. Code §1770 should be stricken because plaintiffs did not make the written demand required to obtain damages under this statute. Finally, plaintiffs' allegations about Honda vehicles sold more than four years before this lawsuit, and their allegations regarding a 1986 Honda advertisement, must be stricken as time-barred and therefore immaterial and impertinent to plaintiffs' claims at issue here.

As more fully detailed below, there is substantial justification for striking these irrelevant claims now.[1] American Honda therefore respectfully requests that this Court strike these claims and allegations from plaintiffs' complaint.

## II. Relevant Background

Plaintiffs Robert Cunliffe and Rita Katz commenced this putative nationwide class action on March 12, 2008. Plaintiffs' complaint alleges, in essence, that from 1986 to the present, American Honda manufactured and sold cars that it stated, or advertised, had a "rear double wishbone suspension… when in fact such suspension did not exist." Plaintiffs' Complaint ("Complaint"), ¶ 1. The only documents that plaintiffs identify as having alleged misstatements are one advertisement from 1986, the Monroney window sticker for the 2005 and 2007 vehicles that the named plaintiffs' purchased, and the vehicle brochures for the 2005 and 2007 vehicles

---

[1] This motion may be moot, pending the Court's ruling on American Honda's contemporaneously filed Motion to Dismiss.

3

MOTION TO STRIKE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MOTION TO STRIKE
CASE NO. CV-08-1402 CRB

417227.01

1  that the class plaintiffs' purchased.  Complaint ¶¶ 13, 20, 25, Exh. D.  All other allegations refer
2  generically to unspecified "multi-media advertising and other communicative forms" allegedly
3  issued during a time period from Fall 1985 to present.  *See* Complaint ¶ 15; *see also* Complaint
4  ¶¶ 17, 20, 25.

5    Plaintiffs allege that their purported class covers "original purchasers who purchased the
6  subject new Honda/Acura vehicles, four years prior to the filing of this complaint", *i.e.*, from
7  March 12, 2004 to present.  Complaint ¶ 29; *see also* Complaint ¶ 14.  Despite this, plaintiffs
8  allege that the "subject Honda/Acura vehicles" at issue in this lawsuit cover model years ranging
9  between 1986 and 2007, *i.e.*:

- 1986-2007 Honda Accord/Accord Coupe/Accord Hybrid
- 1988-2007 Honda Civic/CRX/Del Sol/Civic Hybrid
- 1997-2007 Honda CR-V SUV
- 2003-2008 Honda Element SUV
- 1995-2008 Honda Odyssey Mini-Van
- 1990-2007 Acura Integra/RSX
- 1992-1995 Acura Vigor
- 1987-2004 Acura Legend Coupe/CL
- 1990-2006 Acura Legend Sedan/TL
- 2004-2006 Acura TLX
- 1998-2004 Acura RL

Complaint ¶ 8; *see also id.* ¶ 9.

  Based on these allegations, plaintiffs purport to plead four claims for: (1) violation of California's Unfair Competition Law ("UCL"), Business and Professions Code section §17200 ("§17200"); (2) violation of California's False Advertising Law ("FAL"), Business and Professions Code § 17500 ("§17500"); (3) willful deceit; and (4) violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. C. §1770 ("§1770").  Complaint at ¶ 1. Plaintiffs pray for damages on their §§ 17200, 17500 and 1770 claims.  *Id.* ¶¶ 52, 58, and 70.

4
MOTION TO STRIKE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MOTION TO STRIKE
CASE NO. CV-08-1402 CRB

417227.01

### III.   Argument

**A.   The Applicable Standards Justify Striking Plaintiffs' Irrelevant and Inapplicable Allegations.**

Under Federal Rule of Civil Procedure 12(f), a court may "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). An "immaterial" matter has no essential or important relationship to the claim for relief or defenses pleaded. *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, *Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994). An "impertinent" allegation is neither responsive nor relevant to the issues involved in the action and which could not be put in issue or given in evidence between the parties. *Id., Gilbert v. Eli Lilly & Co., Inc.,* 56 F.R.D. 116, 120, n.6 (D. P.R. 1972).

Motions to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."[2] *LeDuc v. Kentucky Cent. Life Ins. Co.,* 814 F.Supp. 820, 830 (N.D. Cal. 1992). Thus, although Rule 12(f) motions are generally disfavored, the remedy of striking a pleading is to be used when necessary to discourage parties from raising allegations completely unrelated to the relevant claims and when the interests of justice so require. *Sapiro v. Encompass Ins.,* 221 F.R.D. 513, 517 (N.D. Cal. 2004). Indeed, "the function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983); *Fantasy, Inc.,* 984 F.2d at 1527.

**B.   Plaintiffs' Demand for Damages Under its §§ 17200 and 17500 Claims (Counts 1 and 2) Should Be Stricken Because This Remedy Is Unavailable.**

Plaintiffs' first two claims are based on §§ 17200 and 17500 of California's Business and Professions Code. Complaint at ¶¶ 52, 58. In such claims, plaintiffs pray for "damages according to proof". *Id*. Because plaintiffs are limited to either injunctive relief or restitution on

---

[2] On a motion to strike, the court must view the pleading under attack in the light most favorable to the pleader. *See State of Cal. v. United States*, 512 F. Supp. 36, 39 (N.D. Cal. 1981).

5

MOTION TO STRIKE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MOTION TO STRIKE
CASE NO. CV-08-1402 CRB

417227.01

1  these claims, their damages prayers should be stricken.

2        California law is clear that Business and Professions Code §§ 17200 and 17500 claims

3  are limited to the remedies set forth in Cal. Bus. Prof. C. §§17203 and 17535, respectively.  As §

4  17203 states:

> The court may make such orders or judgments… as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition… or as may be necessary to restore to any person… any money or property… which may have been acquired by means of such unfair competition.

Cal. Bus. Prof. C. §17203 (2008).  And, under § 17535:

> Any… corporation… which violates or proposes to violate this chapter may be enjoined by any court of competent jurisdiction. The court may make such orders or judgments… as may be necessary to prevent the use or employment by any… corporation… of any practices which violate this chapter, or which may be necessary to restore to any person in interest any money or property… which may have been acquired by means of any practice in this chapter declared to be unlawful.

Cal. Bus. Prof. C. § 17535 (2008).  Further, as the California Supreme Court has noted, an alleged §17200 violation does <u>not</u> provide for recovery of damages as a matter of law:

> A UCL action is an equitable action by means of which a plaintiff may recover money or property obtained from the plaintiff or persons represented by the plaintiff through unfair or unlawful business practices. It is not an all-purpose substitute for a tort or contract action. Damages are not available under section 17203.

*Cortez v. Purolator Air Filtration Prods. Co.,* 23 Cal.4th 163, 173 (2000) (citation omitted). Damages are also not available to private litigants alleging §17500 violations.  *Chern v. Bank of Am.,* 15 Cal.3d 866, 875 (1976).  Thus, plaintiffs pursuing §§ 17200 or 17500 claims are limited to injunctions and restitution, not damages.

      Here, because plaintiffs demand damages which are not available, their damages prayers are irrelevant and immaterial to plaintiffs' claims in this litigation.  Fed. R. Civ. P. 12(f) (allowing courts to strike "immaterial, impertinent…matters"); *Mat-Van, Inc. v. Sheldon Good & Co. Auctions,* LLC, 2007 U.S. Dist. LEXIS 77132, *20 (S.D. Cal. Oct. 16, 2007) ("Motions to strike are commonly used to strike a prayer for relief where the damages sought are not recoverable as a matter of law."); *see Gilbert,* 56 F.R.D. at 120, n.6 ("impertinent" includes

6

MOTION TO STRIKE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MOTION TO STRIKE
CASE NO. CV-08-1402 CRB

417227.01

matters that are not "relevant to the issues involved in the action and which could not be put in issue…"). These irrelevant and immaterial damages demands should be eliminated now in order to streamline discovery and motion practice by removing such issues from dispute. *See Sidney-Vinstein,* 697 F.2d at 885. Plaintiffs' damages prayers under counts one and two should be stricken.

**C.    Plaintiffs' Demand for Damages For its § 1770 Claim (Count 4) Should Be Stricken Because This Remedy Is Unavailable.**

Plaintiffs' prayer for "damages according to proof" for their Cal. Civ. Code §1770-based claim (Count Four) should also be stricken because plaintiffs seek damages when damages are not available under this claim.

Under Cal. Civ. Code § 1770, monetary damages are only available where plaintiffs make a written demand on the defendant. Under Cal. Civ. Code § 1782(a), no less than thirty days prior to filing a lawsuit, plaintiff "shall" notify the potential defendant in writing "of the particular alleged violations of Section 1770" and demand that the defendant "correct, repair, replace or otherwise rectify the goods or services alleged to be in violation of Section 1770." Cal. Civ. C. § 1782(a) (2008). This provision is designed to give the defendant sufficient notice of the alleged defects in order to permit appropriate correction or replacements and to encourage pre-complaint settlement. *See Outboard Marine Corp. v. Superior Court,* 52 Cal. App. 3d 30, 40 (1975); *Cattie v. Wal-Mart Stores, Inc.,* 504 F. Supp. 2d 939, 949-950 (S.D. Cal. 2007). If no pre-filing demand is made, a complaint can only request injunctive relief and damages cannot be sought.[3] Cal. Civ. C. § 1782(d) (2008); *Cattie,* 504 F. Supp. 2d at 950 (dismissing with prejudice plaintiff's damages claim under a CLRA cause of action); *see also Util. Consumers' Action Network v. Sprint Solutions, Inc.,* 2008 U.S. Dist. LEXIS 34159, *19 (S.D. Cal. Apr. 25, 2008) (striking plaintiff's claim for damages under CLRA for failure to comply with the statutory notice requirement).

---

[3] A damages prayer can later be amended to include damages, but only if plaintiffs make a demand within thirty days after filing an action for injunctive relief. Cal. Civ. C. § 1782(d) (2008). No such demand was made after plaintiffs' complaint was filed.

7

MOTION TO STRIKE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MOTION TO STRIKE
CASE NO. CV-08-1402 CRB

417227.01

Plaintiffs filed this lawsuit on March 12, 2008. Though plaintiffs pray for "damages according to proof" on their §1770 claim, they do not allege that they either informed American Honda of the alleged §1770 violations or that they made any written demand that American Honda cure these alleged violations. Thus, because plaintiffs did not make a pre-filing demand, under §1782(a), plaintiffs cannot seek damages here. Plaintiffs' damages prayer under §1770 should therefore be stricken in order to streamline both discovery and motion practice by removing spurious issues.

### D. Plaintiffs' Pre-2003 Allegations Should Be Stricken As Any Claims Based On These Allegations Are Time-Barred

Under Rule 12(f), courts may strike time-barred allegations from a complaint. *See Fantasy, Inc.,* 984 F.2d at 1527-28. Here, plaintiffs' claims are limited to vehicles sold after March 12, 2004 because the applicable statute of limitations for each claim is either three or four years.[4] Plaintiffs appear to recognize the time limitations on their claims as they limit their purported class to "original purchasers" of the "subject Honda/Acura vehicles" from four years prior to the date the complaint was filed.[5] Complaint ¶¶ 14, 29.

Although Plaintiffs' class allegations are limited to "original purchasers" of certain vehicles made between March 2004 and March 2008, the Complaint contains numerous allegations about vehicles sold long before this time period. Indeed, plaintiffs allege that the

---

[4] Federal courts sitting in diversity must apply state statutory and common law. *Heath v. AT&T*, No. C-05-0719 VRW, 2005 U.S.Dist. LEXIS 34334, at *10 (N.D. Cal. Sept. 12, 2005). State statutes of limitations are considered substantive law that a federal court must apply. *Guar. Trust Co. v. York*, 326 U.S. 99, 109-110 (1945). The statute of limitations on each of plaintiffs' claims is either three or four years: UCL claims have a four-year statute of limitations. (Cal. Bus. & Prof. Code § 17208); willful deceit and CLRA claims have a three-year statute of limitations period (Cal. Code Civ. Pro. §§338(d) and 1783); and FAL claims have either a three- or four-year statute of limitations period (Cal. Code Civ. Pro. §§338(d) or Cal. Bus. & Prof. C. § 17208, *see Harshburger v. Philip Morris, Inc.*, No. 02-05267 JSW, 2003 WL 23342396, at *5 (N.D. Cal. Apr. 1, 2003)).

[5] Indeed, Plaintiffs' counsel should be well aware of the applicable statutes of limitations on these claims, having previously had a similar class action case against American Honda dismissed with prejudice as the statutes of limitations had run on all claims. *McCready v. Am. Honda Motor Co.*, 2006 U.S. Dist. LEXIS 44137 (N.D. Cal. June 19, 2006)(dismissing First Amended Complaint because all claims were time-barred, and alternatively dismissing for failure to plead fraud with particularity).

8
MOTION TO STRIKE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MOTION TO STRIKE
CASE NO. CV-08-1402 CRB

417227.01

1  vehicles "subject" to this lawsuit include one model that they allege is only at issue for the years
2  between 1992 and 1995 (the Acura Vigor) and numerous others that they allege are at issue for
3  numerous years, including years between 1986 and 2003.  Complaint ¶¶ 8 and 9.  Plaintiffs'
4  allegations of misrepresentations made about vehicles sold more than four years ago (before
5  March 2004) should be stricken because any claims related to "original purchase[]s" of such cars
6  (*see* Complaint ¶ 29) are time-barred under the applicable statute of limitations, making such
7  allegations both immaterial and impertinent as they are not essential to plaintiffs' claims.  *See*
8  *Fantasy, Inc.,* 984 F.2d at 1527; *Gilbert,* 56 F.R.D. at 120, n. 5.  Thus, any allegations about
9  vehicles predating March 2004 should be stricken in order to streamline the case and to limit
10 disputed issues to those which are relevant to plaintiffs' claims.

11         Similarly, the Complaint includes numerous allegations about misrepresentations that
12 American Honda allegedly made in a 1986 Honda advertisement and in other, unspecified
13 advertisements which plaintiffs allege were "consistently made from 1986 to the present".
14 Complaint at ¶ 13 & Exhibit D.  Any allegations about this 1986 advertisement, or any
15 advertisements issued before 2004, are time-barred given the applicable, maximum four-year
16 statute of limitations.  *See supra* at 8.  Thus, any allegations about advertisements pre-dating
17 March 2004 are immaterial and impertinent as they are not essential to plaintiffs' claims for
18 relief.  *Fantasy, Inc.,* 984 F.2d at 1527-28; *Gilbert,* 56 F.R.D. at 120, n.6.  They should be
19 stricken.

20         For these reasons, American Honda requests that the Court strike plaintiffs' allegations
21 regarding pre-2003 model year vehicles and that plaintiffs' allegations regarding a 1986 Honda
22 advertisement.

### IV.     Conclusion

24         For the foregoing reasons, American Honda respectfully requests that the Court grant its
25 motion to strike: (1) plaintiffs' claim for damages under counts one and two of their complaint
26 (Complaint ¶¶ 52 and 58); (2) plaintiffs' claim for damages under count four of their complaint
27 (Complaint ¶ 70); and (3) plaintiffs' allegations regarding pre-2003 vehicles and regarding a
28

9
MOTION TO STRIKE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MOTION TO STRIKE
CASE NO. CV-08-1402 CRB

417227.01

1  1986 Honda advertisement (Complaint ¶¶ 13-16, Exhibit D).  All of these allegations should be
2  stricken in order to limit plaintiffs' Complaint to the relevant issues in dispute.

4  Dated:  May 12, 2008                                    KEKER & VAN NEST, LLP

                                                    By:  /s/ Christa M. Andersen
                                                         CHRISTA M. ANDERSON
                                                         Attorneys for Defendant
                                                         AMERICAN HONDA MOTOR CO., INC.

10
MOTION TO STRIKE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MOTION TO STRIKE
CASE NO. CV-08-1402 CRB

417227.01

| | |
|---|---|
| 1 | KEKER & VAN NEST, LLP |
|   | CHRISTA M. ANDERSON - #184325 |
| 2 | RACHAEL E. MENY - #178514 |
|   | COURTNEY TOWLE - #221698 |
| 3 | 710 Sansome Street |
|   | San Francisco, CA  94111-1704 |
| 4 | Telephone:  (415) 391-5400 |
|   | Facsimile:  (415) 397-7188 |
| 5 | |
|   | Attorneys for Defendant |
| 6 | AMERICAN HONDA MOTOR CO., INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT CUNLIFFE and RITA KATZ, | | Case No. CV-08-1402 CRB |
| | Plaintiffs, | **[PROPOSED] ORDER ON DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MOTION TO STRIKE** |
| v. | | |
| AMERICAN HONDA MOTOR CO., INC., | | |
| | Defendant. | |

1   On May 12, 2008, Defendant American Honda Motor Co., Inc. filed a motion to strike
2 portions of plaintiffs' March 12, 2008 complaint.  Having considered the moving papers and
3 good cause appearing therefore,
4   IT IS HEREBY ORDERED that the following claims and allegations, pursuant to Fed. R.
5 Civ. P. 12(f), be stricken from the Complaint:
6   (1) plaintiffs' claim for damages under counts one and two of their complaint (Complaint
7 ¶¶ 52 and 58);
8   (2) plaintiffs' claim for damages under count four of their complaint (Complaint ¶ 70);
9 and
10   (3) plaintiffs allegations regarding pre-2003 model vehicles and regarding a 1986 Honda
11 advertisement (Complaint ¶¶ 13-16, Exhibit D).
12
13   IT IS SO ORDERED.
14
15 Dated: _____
        Honorable Charles R. Breyer
16
17
18
19
20
21
22
23
24
25
26
27
28

416825.01

1
[PROPOSED] ORDER ON DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S
MOTION TO STRIKE
CASE NO. CV-08-1402 CRB