| | |
|---|---|
| 1 | KEKER & VAN NEST, LLP |
| | CHRISTA M. ANDERSON - #184325 |
| 2 | RACHAEL E. MENY - #178514 |
| | COURTNEY TOWLE - #221698 |
| 3 | 710 Sansome Street |
| | San Francisco, CA  94111-1704 |
| 4 | Telephone:  (415) 391-5400 |
| | Facsimile:  (415) 397-7188 |
| 5 | |
| | Attorneys for Defendant |
| 6 | AMERICAN HONDA MOTOR CO., INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ROBERT CUNLIFFE and RITA KATZ, | Case No. CV-08-1402 CRB |
|---|---|
| Plaintiffs, | **MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MOTION TO DISMISS COMPLAINT** |
| v. | |
| AMERICAN HONDA MOTOR CO., INC., | |
| Defendant. | |
| | Date: June 27, 2008 |
| | Time: 10:00 a.m. |
| | Dept: 8 |
| | Judge: Hon. Charles R. Breyer |
| | Date Comp. Filed:  March 12, 2008 |
| | Trial Date: Not yet set |

417244.01

MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MOTION TO DISMISS COMPLAINT
CASE NO. CV-08-1402 CRB

**NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT**

**PLEASE TAKE NOTICE**, that on June 27, 2008, at 10:00 a.m. or as soon thereafter as the matter may be heard, before the Honorable Charles R. Breyer, United States District Court, 450 Golden Gate Ave, Courtroom 8, San Francisco, California, defendant American Honda Motor Co., Inc will, and hereby does, move the Court for an order dismissing the March 12, 2008 Complaint pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) and Cal. Civ. Code §1780.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities below, the Declaration of Courtney Towle in Support of Motion to Dismiss, and such other and further papers, evidence and argument as may be submitted to the Court at or before the hearing on this motion.

1

MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MOTION TO DISMISS COMPLAINT
CASE NO. CV-08-1402 CRB

417244.01

## STATEMENT OF ISSUES TO BE DECIDED

(1) Whether the entire Complaint should be dismissed for plaintiffs' failure to plead any of their fraud-based claims with particularity, as required by Fed. R. Civ. P. 9(b); and

(2) Whether plaintiffs' fourth cause of action should be dismissed for plaintiffs' failure to attach the affidavit required under Cal. Civ. Code §1780.

2
MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MOTION TO DISMISS COMPLAINT
CASE NO. CV-08-1402 CRB

417244.01

## I.    Introduction

The core allegations of plaintiffs' complaint — that American Honda Motor Co., Inc. ("American Honda") fraudulently misrepresented the nature of the suspension systems on certain of its vehicles, without detection, for a period of more than twenty years — is demonstrably false and scurrilous.  American Honda, one of the world's most trusted and reputable car manufacturers, provides to its customers what it promises.

However, although plaintiffs' allegations must be assumed to be true at this stage of the litigation, plaintiffs' claims are fatally defective.  First, all of plaintiffs' claims should be dismissed because, as fraud-based claims, Federal Rule of Civil Procedure 9(b) requires plaintiffs to plead these claims with particularity.  Plaintiffs, however, have not even come close to meeting this heightened pleading standard.  Additionally, plaintiffs' fourth cause of action should also be dismissed because plaintiffs' complaint does not include the affidavit required to pursue a claim under Cal. Civ. Code §1770.

For these reasons, and as more fully detailed below, there is substantial justification for dismissing all of plaintiffs' claims.  American Honda therefore respectfully requests that this Court dismiss plaintiffs' complaint.

## II.    Relevant Background

Plaintiffs Robert Cunliffe and Rita Katz commenced this putative nationwide class action on March 12, 2008.  This is the second time that plaintiffs' counsel have tried to pursue these claims against American Honda in this court — their first lawsuit was dismissed in June 2006 by Judge Armstrong, due to a largely similar complaint's failure to plead fraud with particularity (among other pleading deficiencies).  *See McCready v. Am. Honda Motor Co.*, No. C 05-5247 SBA, 2006 U.S. Dist. LEXIS 44137 (N.D. Cal. June 19, 2006).

In their second attempt at this lawsuit, Plaintiffs continue to allege, in essence, that from 1986 to the present, American Honda manufactured and sold cars that it stated, or advertised, had a "rear double wishbone suspension… when in fact such suspension did not exist."  Plaintiffs' Complaint ("Complaint"), ¶ 1.  In support of this claim, plaintiffs attach only one advertisement to their complaint, an advertisement from 1986.  *Id.,* Exh. D.  Plaintiffs never allege, however,

3

MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MOTION TO DISMISS COMPLAINT
CASE NO. CV-08-1402 CRB

417244.01

1 that they saw or relied upon this 1986 advertisement or upon any specific advertisement. *See*
2 Complaint.

3 Instead, Plaintiffs generically allege that "at all times relevant to this complaint"
4 American Honda "utilized multi-media formats" or "multi-media advertising and other
5 communicative forms" to misrepresent the existence of rear double wishbone suspension on the
6 subject Honda/Acura manufactured vehicles.[1] *Id*. ¶¶ 6 and 15. Plaintiffs then allege that they
7 "actually relied upon defendants' false and/or misleading advertisements and representations,
8 including but not limited to those printed on the *Monroney window sticker* and included in the
9 *vehicle brochure*, that the vehicle [they were] purchasing had rear double wishbone suspension"
10 when [they] purchased their 2005 and 2007 Honda Accords. *Id*. ¶¶ 20 and 25 (emphasis added).
11 Plaintiffs do not, however, attach the Monroney window sticker or the vehicle brochures
12 allegedly at issue to the complaint and do not specify what representations were actually made in
13 these documents. *See id*.

14 Based on these allegations, plaintiffs claim that they "[were] injured" by defendant's
15 alleged misrepresentations. *Id*. ¶¶ 21, 26. Plaintiffs then allege four claims against American
16 Honda for: (1) violation of California's Unfair Competition Law ("UCL"), Business and
17 Professions Code section §17200 ("§17200"); (2) violation of California's False Advertising
18 Law ("FAL"), Business and Professions Code § 17500 ("§17500"); (3) willful deceit; and (4)
19 violation of California's Consumer Legal Remedies Act ("CLRA") Cal. Civ. C. §1770
20 ("§1770"). Complaint at ¶ 1. Plaintiffs allege these claims based upon a purported class of
21 plaintiffs that they allege includes all "original purchasers who purchased the subject new
22 Honda/Acura vehicles, four years prior to the filing of this complaint", *i.e.*, from March 12, 2004
23 to present. Complaint ¶ 29; *see also id* ¶ 14.

---

[1] The "subject Honda/Acura vehicles" include: 1986-2007 Honda Accord/Accord Coupe/Accord Hybrid; 1988-2007 Honda Civic/CRX/Del Sol/Civic Hybrid; 1997-2007 Honda CR-V SUV; 2003-2008 Honda Element SUV; 1995-2008 Honda Odyssey Mini-Van; 1990-2007 Acura Integra/RSX; 1992-1995 Acura Vigor; 1987-2004 Acura Legend Coupe/CL; 1990-2006 Acura Legend Sedan/TL; 2004-2006 Acura TLX; and 1998-2004 Acura RL. Complaint ¶ 8.

4
MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MOTION TO DISMISS COMPLAINT
CASE NO. CV-08-1402 CRB

417244.01

### III.     Argument

**A.     The Complaint Should Be Dismissed Under The Standards Governing This Motion.**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for a "failure to state a claim upon which relief can be granted" when it lacks a "cognizable legal theory *or* an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 731-32 (9th Cir. 2001) (emphasis added). Moreover, although a court must accept "allegations of material fact" as true, the court "need not… accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences." *Faigman v. Cingular Wireless,* LLC, 2007 U.S. Dist. LEXIS 14908, *7 (N.D. Cal. Mar. 1, 2007) (citing *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001); *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994)). Also, where a complaint makes conclusory allegations that the underlying factual allegations do not support, the Court need not accept the conclusory statements as true. *Bell Atl. v. Twombly,* -- U.S. --, 127 S.Ct. 1955, 1965 (2007).

**B.     Plaintiffs' Claims Must Be Dismissed Because The Alleged Fraud Is Not Plead With The Required Particularity.**

All of Plaintiffs' claims (for willful deceit, violations of Cal. Bus. and Prof. Code §§ 17200 and 17500 and violations of Cal. Civ. Code § 1770) "sound[] in fraud" because the core allegation underlying all of these claims is that American Honda engaged in "unfair, fraudulent, deceptive business practices by falsely representing" that the subject Honda/Acura vehicles "had a rear double suspension system". *Compare* Complaint at ¶ 8 to *McCready*, 2006 U.S. Dist. LEXIS 44137 at *14-16 (finding that plaintiffs' §§ 17200, 17500, 1770 and willful deceit claims each sound in fraud); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). As each of these claims is grounded in fraud, plaintiffs must plead these claims with the heightened particularity needed to satisfy Federal Rule of Civil Procedure 9(b).[2]  *McCready*,

---

[2] American Honda notes that one court in this district has previously held that Cal. Civ. Code § 1770 claims are not subject to Rule 9(b), even though plaintiffs must still plead such claims with

5

MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MOTION TO DISMISS COMPLAINT
CASE NO. CV-08-1402 CRB

417244.01

1  2006 U.S. Dist. LEXIS 44137 at *14-16 (finding that plaintiffs' claims are subject to Rule 9(b));

2  *Vess*, 317 F.3d at 1107; *Hoey v. Sony Elecs. Inc.*, 515 F. Supp.2d 1099, 1102, 1103-04, 1106

3  (N.D. Cal. 2007) (stating that Rule 9(b) applies "not only to claims in which fraud is an essential

4  element, but also to claims grounded in allegations of fraudulent conduct", such as §§ 17200 and

5  17500 claims and CLRA claims).  This heightened pleading requirement is enforced to "assure

6  that the charge of fraud is responsible and supported, rather than defamatory and extortionate."

7  *Just Water Heaters, Inc. v. Affordable Water Heaters & Plumbing, Inc.*, No. C-05-4996 SC,

8  2006 U.S. Dist. LEXIS 9006 at *16 (N.D. Cal. Feb. 23, 2006).  And the requirement "is in place

9  so that the 'defendant can prepare an adequate answer from the allegations', and 'not just deny

10 that [he has] done anything wrong.'" *Id.* (quoting *Moore v. Kayport Package Express, Inc.*, 885

11 F.2d 531, 540 (9th Cir. 1989) and *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)).

12       In order to satisfy Rule 9(b)'s requirements in the Ninth Circuit, plaintiffs' fraud-based

13 claims must be accompanied by facts demonstrating "the 'who, what, when, where, and how'" of

14 the allegedly fraudulent misrepresentations.  *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.

15 1997)(citation omitted).  This requires that plaintiffs "state the time, place and specific content of

16 the false representations as well as the identities of the parties to the misrepresentation".

17 *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citing

18 *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)).  In addition, a plaintiff "must set forth

19 *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what

20 is false or misleading about a statement, and why it is false." *Decker v. GlenFed, Inc. (In re*

21 *GlenFed Sec. Litig.)*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc).

22       Here, none of plaintiffs' claims satisfy Rule 9(b)'s heightened pleading requirements.

23 First, although plaintiffs allege that they relied upon two specific documents — the Monroney

---

25 "some specificity".  *See Nordberg v. Trilegiant Corp.,* 445 F. Supp. 2d 1082, 1097 (N.D. Cal.
26 2006) (holding that "[a]lthough Rule 9(b) is not applicable to heighten the pleading standard [for Cal. Civ. Code §1770], plaintiffs are still required to provide some specificity in their pleadings to put defendants on notice of the charges leveled against them.").  American Honda believes
27 that the correct analysis is to apply Rule 9(b) to § 1770 claims.  However, even if § 1770 claims are simply subject to the requirement that they be pled with "some specificity", plaintiffs' § 1770
28 claim at issue here does not include the required specificity, for the same reasons detailed below.

6

MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MOTION TO DISMISS COMPLAINT
CASE NO. CV-08-1402 CRB

417244.01

1  stickers, and the product brochures, for the vehicles they purchased[3] — plaintiffs do not specify what these documents stated about their vehicles' suspension and how or why the information stated was misleading.[4] *See* Complaint at ¶¶ 20, 25 (alleging only reliance on "defendants' false and/or misleading advertisements and representations…that the [vehicles they purchased]… had rear double wishbone suspension"). Without identifying a specific representation and why it was false, plaintiffs have not adequately alleged why the representation is misleading or false. *See Schreiber Distrib. Co.*, 806 F.2d at 1401 (plaintiffs must "state…the specific content of the false representations…"); *Cooper*, 137 F.3d at 627 (plaintiffs must allege facts demonstrating "the 'who, what, when, where, and how'" of the allegedly fraudulent misrepresentations); *Monroney v. Am. Int'l Group*, 415 F. Supp. 2d 1027, 1032 (N.D. Cal. 2006) ("[Plaintiff] fails, however, to allege what she was told about the annuity she purchased at the time she purchased it, [and] who made the assertedly misleading statements . . . ."). Plaintiffs have no excuse for this pleading failure — their prior complaint against American Honda made nearly identical, generic allegations and Judge Armstrong dismissed that complaint almost two years ago because plaintiffs had not pled their fraud allegations with the required particularity. *McCready,* 2006 U.S. Dist. LEXIS at *14-16. Plaintiffs' new complaint should also be dismissed.

Second, plaintiffs fail to identify with particularity any other documents or representation issued during the class period which they allege they relied upon. Instead, the only other

---

[3] *See* Complaint at ¶¶ 20, 25. Although the complaint refers generically to "false and/or misleading advertisements and representations", the only documents specifically identified in the complaint are the 1986 advertisement, the Monroney window sticker and the vehicle brochure. *Id*.

[4] This is significant because, for example, the vehicle brochures for the vehicles plaintiffs purchased state that the vehicles have a "5-Link Double Wishbone Rear Suspension," "5-Link Double Wishbone Rear design," "double wishbone suspension with five-link rear setup," or "4-Wheel Double Wishbone Suspension." *See* Exh. 1 at 16, 20-21, 36, and 38, Exh. 2 at 12, 30, 35, and 37, and Exh. 3 at 7, 22, and 26 attached to the Declaration of Courtney Towle filed herewith. This is not the statement that plaintiffs allege was misleading, *i.e.,* a claim that their vehicles had "rear double wishbone suspension". *Compare id.* to Complaint ¶¶ 20, 25. The Court may properly consider American Honda's Exhibits because, in ruling on a Rule 12(b)(6) motion, courts may consider any documents referred to in the complaint that are central to plaintiffs' claims even if not attached to the complaint. *See Hoey,* 515 F. Supp. 2d at 1103 (granting defendant's request for judicial notice of a warranty referenced in but not attached to the complaint). American Honda therefore requests that this Court take judicial notice of the vehicle brochures referenced in plaintiffs' complaint.

7

MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MOTION TO DISMISS COMPLAINT
CASE NO. CV-08-1402 CRB

417244.01

1  document specifically mentioned in the complaint is a July 1986 advertisement, an advertisement
2  that plaintiffs never allege they saw or relied upon during the class period.  *See* Complaint ¶¶ 13,
3  17, 20, 25.  Such allegations do not plead fraud with the required particularity because plaintiffs
4  do not allege that they relied upon the 1986 document or, indeed, ever saw it.  *McCready*, 2006
5  U.S. Dist. LEXIS 44137 at *15 (dismissing allegations based on 1986 advertising because it is
6  not an advertisement "contemporaneous with [plaintiffs'] purchases upon which they relied….");
7  *Just Water Heaters Inc.,* 2006 U.S. Dist. LEXIS 9006 at *16 (plaintiffs failed to state a claim for
8  fraud where "[p]laintiffs have not pled facts that they relied on any misrepresentation by
9  Defendants to their detriment").

10      Third, plaintiffs fail to identify with particularity any other documents or representation
11  issued during the class period which they allege were misleading.  Instead of specifying other
12  particular documents, plaintiffs generically allege that American Honda "through multi-media
13  advertising and other communicative forms…" made similar, but unspecified, misrepresentations
14  "consistently made from 1986 to the present" and that American Honda's "misleading
15  advertisements and representations includ[ed] but not limited to…" the Monroney window
16  sticker and vehicle brochures.[5]  *Id*. ¶¶ 1, 6, 8, 13, 15-16, 20, 25.  These generic references to
17  unspecified misrepresentations do not plead fraud with the required particularity as they do not
18  identify any specific advertisements or representations that allegedly misled each named plaintiff
19  during the class period, do not identify what these statements allegedly said and do not specify
20  how each statement was allegedly misleading.  *See supra* at 5, 6, 7.

21      In light of these pleading deficiencies, it is clear that plaintiffs are, again, trying to make
22  fraud-based claims against American Honda by filing a generalized complaint which does not
23  detail the basis of such claims.  Plaintiffs must be required to satisfy Rule 9(b) so that American
24  Honda can "prepare an adequate answer from the allegations, and not just deny that [it has] done
25  anything wrong."  *Just Water Heaters, Inc.*, No. 2-05-4996 SC, 2006 U.S. Dist. LEXIS 9006 at

---

[5] Additionally, as discussed in American Honda's Motion to Strike portions of plaintiffs' complaint, all reference to the 1986 advertisement in the Complaint and the copy of the advertisement, Exhibit D to the Complaint, should be stricken because any claim based on this advertisement is time-barred.

8
MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MOTION TO DISMISS COMPLAINT
CASE NO. CV-08-1402 CRB

417244.01

*16 (citation omitted).  American Honda respectfully requests that the Court dismiss plaintiffs' claims due to their failure to plead fraud with the required particularity.

### C. Plaintiffs' Fourth Cause of Action Also Fails Because Plaintiffs Did Not Attach The Required Affidavit To The Complaint.

Plaintiffs' fourth cause of action should also be dismissed for the separate reason that plaintiffs failed to submit the affidavit required to support this claim.  Claims brought under Cal. Civ. Code § 1770 are governed in part by the requirements of Cal. Civ. Code § 1780.  For any claim brought under § 1770, plaintiffs are required to submit a venue affidavit:

> concurrently with the filing of the complaint, plaintiff shall file an *affidavit* stating facts showing that the action has been commenced in a county described in this section as a *proper place for the trial of the action*.  If plaintiff fails to file the affidavit required by this section, the court *shall*, upon its own motion or upon a motion of any party, *dismiss the action* without prejudice.

Cal. Civ. Code §1780(c)(emphasis added).  Failure to attach the required affidavit mandates dismissal of the § 1770 claim.  Because no affidavit was attached to the Complaint, plaintiffs' fourth count must be dismissed.

### IV.     Conclusion

For the foregoing reasons, American Honda respectfully requests that the Court grant its motion to dismiss according to Fed. R. Civ. P. 12(b)(6) dismissing (1) all fur of plaintiffs' causes of action for failure to plead with the requisite particularity as required by Fed. R. Civ. P. 9(b) and (2) plaintiffs' fourth cause of action, arising from Cal. Code §1770, for failure to submit the requisite § 1780(c) affidavit.

Dated:  May 12, 2008                                          KEKER & VAN NEST, LLP


                                                              By:  /s/ Christa M. Andersen
                                                              CHRISTA M. ANDERSON
                                                              Attorneys for Defendant
                                                              AMERICAN HONDA MOTOR CO., INC.

| | |
|---|---|
| 1 | KEKER & VAN NEST, LLP |
| | CHRISTA M. ANDERSON - #184325 |
| 2 | RACHAEL E. MENY - #178514 |
| | COURTNEY TOWLE - #221698 |
| 3 | 710 Sansome Street |
| | San Francisco, CA  94111-1704 |
| 4 | Telephone:  (415) 391-5400 |
| | Facsimile:  (415) 397-7188 |
| 5 | |
| | Attorneys for Defendant |
| 6 | AMERICAN HONDA MOTOR CO., INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CUNLIFFE and RITA KATZ, | Case No. CV-08-1402 CRB |
| Plaintiffs, | **[PROPOSED] ORDER ON DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S MOTION TO DISMISS** |
| v. | |
| AMERICAN HONDA MOTOR CO., INC., | |
| Defendant. | |

1    On May 12, 2008, Defendant American Honda Motor Co., Inc. filed a motion to dismiss plaintiffs' March 12, 2008 Complaint.  Having considered the moving papers and good cause appearing therefore, Defendant's motion is hereby GRANTED.

IT IS HEREBY ORDERED that:

(1)  All four of plaintiffs' causes of action are hereby DISMISSED under Fed. R. Civ. P. 12(b)(6) for failure to plead fraud with particularity as required by Fed. R. Civ. P. 9(b);

(2)  Plaintiffs' fourth cause of action, under Cal. Civ. C. §1770 is DISMISSED under Fed. R. Civ. P. 12(b)(6) for failure to attach the affidavit required under Cal. Civ. C. §1780(c).

IT IS SO ORDERED.


Dated: _____

Honorable Charles R. Breyer

416820.01

1
[PROPOSED] ORDER ON DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S
MOTION TO DISMISS
CASE NO. CV-08-1402 CRB